## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RODNEY MASON**                                    **CIVIL ACTION**

**versus**                                                    **NO. 14-2411**

**DARREL VANNOY, WARDEN**                    **SECTION: "H" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Rodney Mason, is a state prisoner incarcerated at the Dixon Correctional Institute in Jackson, Louisiana.  On April 15, 2009, he was convicted of armed robbery and attempted armed robbery under Louisiana law.[1]  On July 13, 2009, he was sentenced on the armed robbery conviction to a term of fifty-five years imprisonment and on the attempted armed robbery conviction to a term of fifty years imprisonment.  It was ordered that the sentences be served

---

[1] State Rec., Vol. II of IV, transcript of April 15, 2009, pp. 176-81; State Rec., Vol. I of IV, minute entry dated April 15, 2009; State Rec., Vol. I of IV, jury verdict forms.

concurrently and without the benefit of probation, parole, or suspension of sentence.[2]   On January 11, 2011, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions and his sentence on the armed robbery conviction; however, the court vacated his sentence on the attempted armed robbery conviction, and remanded the matter for resentencing on that conviction.[3]   His related writ application was then denied by the Louisiana Supreme Court on June 24, 2011.[4]

In the interim, on March 15, 2011, petitioner was resentenced on the attempted armed robbery conviction to a concurrent term of twenty-five years imprisonment.[5]   He did not appeal that resentencing.

On September 5, 2013, petitioner filed an application for post-conviction relief with the state district court.[6]   That application was denied as untimely on October 9, 2013.[7]   His related

---

[2]   State Rec., Vol. II of IV, transcript of July 13, 2009; State Rec., Vol. I of IV, minute entry dated July 13, 2009.

[3]   State v. Mason, 59 So.3d 419 (La. App. 5th Cir. 2011) (No. 10-KA-284); State Rec., Vol.  III of IV.

[4]   State v. Mason, 64 So.3d 216 (La. 2011) (No. 2011-K-0306); State Rec., Vol. IV of IV.

[5]   State Rec., Vol. I of IV, minute entry dated March 15, 2011.

[6]   State Rec., Vol. I of IV.  Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  The date on which that occurred with respect to this state application is not apparent from the record.  However, the application could not have been placed in the prison mailing system prior to September 5, 2013, the date on which petitioner signed it.

[7]   State Rec., Vol. I of IV, Judgment dated October 9, 2013.

writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on December 11, 2013,[8] and by the Louisiana Supreme Court on September 19, 2014.[9]

On October 10, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.[10]  The state argues that the federal application is untimely.[11]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[12]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ

---

[8] State v. Mason, No. 13-KH-910 (La. App. 5th Cir. Dec. 11, 2013); State Rec., Vol. III of IV.

[9] State *ex rel.* Mason v. State, 148 So.3d 944 (La. 2014) (No. 2014-KH-0030); State Rec., Vol. IV of IV.

[10] Rec. Doc. 3.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner has declared under penalty of perjury that he placed his application in the prison mailing system on October 10, 2014.  Rec. Doc. 3, p. 6.

[11] Rec. Doc. 10.

[12] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

of certiorari with the United States Supreme Court.   <u>Roberts v. Cockrell</u>, 319 F.3d 690, 693 (5th Cir. 2003).

<u>Butler v. Cain</u>, 533 F.3d 314, 317 (5th Cir. 2008).  Here, the Louisiana Supreme Court denied relief on direct review on June 24, 2011.[13]  Accordingly, petitioner's state criminal judgment became final for AEDPA purposes ninety days later on September 22, 2011.  His one-year federal limitations period then commenced on that date and expired on September 24, 2012,[14] unless that period was extended through tolling.

The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:   "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

---

[13]  <u>State v. Mason</u>, 64 So.3d 216 (La. 2011) (No. 2011-K-0306); State Rec., Vol. IV of IV.

[14]  The Court is aware that, because 2012 was a leap year, the three-hundred-sixty-fifth day of petitioner's one-year period was September 21, 2012.  However, courts have held that it is the "anniversary date" on which the AEDPA's statute of limitations expires, regardless of the existence of an additional day due to a leap year.  <u>See, e.g.</u>, <u>United States v. Hurst</u>, 322 F.3d 1256, 1261-62 (10th Cir. 2003); <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000); <u>Zeno v. Louisiana</u>, Civ. Action No. 06-4096, 2009 WL 3190461, at *3 n.17 (E.D. La. Sept. 30, 2009).  Moreover, because the "anniversary date" of September 22, 2012, fell on a Saturday, the federal limitations period here was extended through the following Monday, September 24, 2012.  <u>See</u> <u>Flanagan v. Johnson</u>, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

However, petitioner had no such applications pending before the state courts during the applicable one-year period.[15]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

---

[15] The only state application he filed during that period was a "Motion for Production of Documents" filed on January 30, 2012. State Rec., Vol. I of IV. However, it is clear that applications seeking documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

The Court notes that petitioner subsequently filed a state post-conviction application on September 5, 2013. However, because that application was filed *after* the expiration of the federal statute of limitations, it had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

In the instant case, petitioner argues that he is entitled to "equitable relief" because the state courts erroneously denied his state post-conviction application as untimely.  To the extent that argument could perhaps be construed as a request for equitable tolling, the argument should be rejected.  Even if the state courts erred, and even if that could in some circumstances warrant equitable tolling, *which are issues that this Court need not and does not reach*, the argument is clearly misplaced here.  As noted, an "extraordinary circumstance" is relevant only if it "prevented timely filing"; therefore, of necessity, the circumstance at issue must have arisen prior to the expiration of federal filing deadline.  See, e.g., Hailey v. Stephens, 532 Fed. App'x 571, 572-73 (5th Cir. 2013) (rejecting equitable tolling based on alleged attorney misconduct occurring after the filing deadline, noting that "anything that happened after the limitation period had expired could not have stood in the way of a timely filing" (quotation marks and brackets omitted)); Blackmon v. Gonzalez, No. CV 11-6724, 2012 WL 2944498, at *7 (E.D. Cal. June 1, 2012) (petitioner's stroke could not serve as a basis for equitable tolling because it occurred long after the limitations period had already expired), adopted, 2012 WL 2944471 (C.D. Cal. July 17, 2012); Albritton v. Johnson, Action No. 2:08cv443, 2009 WL 960083, at *4 (E.D. Va. Apr. 7, 2009) (destruction of petitioner's legal papers could not serve as a basis for equitable tolling because it occurred after the limitations period had already expired), appeal dismissed, 339 Fed. App'x 296 (4th Cir. 2009).  Here, petitioner did not even file his state post-conviction application until September 5, 2013, long *after* his federal limitations period had already expired.  Therefore, any errors *subsequently* made by the state courts in considering that application obviously could not have affected petitioner's ability to file a timely federal application, and, as a result, cannot serve as a basis for equitable tolling.

Lastly, the Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  That said, the Supreme Court took care to note:  "We caution, however, that tenable actual-innocence gateway pleas are rare:   '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Here, petitioner does not invoke McQuiggin and, in any event, he has not made colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than September 24, 2012, in order to be timely.  His federal application was not filed until October 10, 2014, and, therefore, it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Rodney Mason be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this ninth day of February, 2015.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.